GILDEA, Chief Justice
(concurring).
I agree with the majority that Walsh’s complaint survives a motion to dismiss. I write separately, however, because I believe the majority decides an issue that it need not resolve in this case. Specifically, the majority rejects part of the pleading standard the Supreme Court applied in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) and Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). In my view, because Walsh’s complaint satisfies that pleading standard, there is no reason for our court to decide whether to adopt such a standard. We have recognized that “judicial restraint bids us to refrain from deciding any issue not essential to the disposition of the particular controversy before us.” Lipka v. Minn. Sch. Emps. Ass’n, Local 1980, 550 N.W.2d 618, 622 (Minn.1996); see also State v. Vang, 847 N.W.2d 248, 265 n. 9 (Minn.2014) (refusing to decide an issue that “is not necessary to *608 the disposition of appellant’s case”); Navarre v. S. Wash. Cnty. Sch., 652 N.W.2d 9, 32 (Minn.2002) (refusing to decide issues that “are not dispositive to our decision”). Because the majority departs from this precedent of restraint today, I write separately.
Two principles emerge from Twombly and Iqbal. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1950. Under the first principle, the court is not bound by alleged legal conclusions when deciding whether a complaint survives a motion to dismiss. Id. As the majority notes, we have already adopted that principle. See Hebert v. City of Fifty Lakes, 744 N.W.2d 226, 235 (Minn.2008). The majority describes the second principle as the “plausibility standard,” under which the plaintiff can survive a motion to dismiss only if her complaint contains “enough facts to state a claim to relief that is plausible on its face.” Twom-bly, 550 U.S. at 570, 127 S.Ct. at 1973. In my view, we do not need to decide in this case whether we should adopt the second principle because even if that were the pleading standard in Minnesota, Walsh’s complaint satisfies it.
As the majority notes, Walsh’s complaint alleges that neither she nor her roommate was served with the complaint. Walsh also alleges that she and her roommate were the only residents of the property on the date the complaint was served. Rather than serving a resident of the property, the complaint alleges that Jane Doe, a nonresident, was served. As the majority also notes, the complaint does not explain whether there was a nexus between Jane Doe and Walsh. But under Twombly, a complaint need not contain detailed factual allegations. Twombly, 550 U.S. at 555,127 S.Ct. at 1964 (“[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations.... ”). All that Twombly requires is enough facts to raise a right to relief above a speculative level. Id. In alleging that neither of the people who reside at the property was served, Walsh’s complaint meets the Twombly standard in my view.
Nevertheless, U.S. Bank argues that Walsh’s complaint fails to satisfy Twombly because the complaint (1) contains legal conclusions and (2) is merely consistent with ineffective service. Neither argument is convincing.
U.S. Bank argues that we should disregard Walsh’s assertion that neither she nor her roommate was served with the foreclosure-related documents because this assertion is a legal conclusion. But as the majority notes, whether someone was “served” can be both a legal conclusion and a question of fact. It is certainly plausible (even likely) that Walsh’s complaint invokes the non-legal, factual dimension of “serve” in order to assert that neither she nor her roommate was furnished or supplied with the foreclosure-related documents. Indeed, U.S. Bank itself invokes the non-legal, factual dimension of the word when it argues that the following is one of the few purely factual allegations in Walsh’s complaint: “notice of foreclosure was served on an adult female Jane Doe.”
In addition to faulting Walsh’s complaint for allegedly containing legal conclusions, U.S. Bank also argues that the complaint’s factual allegations are only consistent with ineffective service. Under Twombly, pleadings that are merely consistent with a cause of action do not make a complaint plausible. Twombly, 550 U.S. at 557, 127 S.Ct. at 1966. In Twombly, for example, the plaintiffs’ allegations of parallel conduct, while consistent with a contract, combination, or conspiracy in restraint of trade, could have been prompted by lawful, independent goals that do not constitute a conspiracy. Id. at 565-67, 127 S.Ct. at *609 1971-72. Here, by contrast, the allegations in Walsh’s complaint, accepted as true, lead to a single conclusion: ineffective service. After all, if Walsh and her roommate were the only residents of the property at the time of service, service upon someone else (i.e., Jane Doe) was not effective. See Minn. R. Civ. P. 4.03(a) (noting that service upon an individual shall be “by delivering a copy to the individual personally or by leaving a copy at the individual’s usual place of abode with some person of suitable age and discretion then residing therein”).
In sum, I would hold that Walsh’s complaint contains “enough facts to state a claim to relief that is plausible on its face.” Twombly, 550 U.S. at 570, 127 S.Ct. at 1973. Accordingly, in my view, the complaint satisfies the standard set out in Twombly. Because Walsh’s complaint survives even under Twombly, there is no reason for our court to determine in this case whether we should depart from the Supreme Court’s interpretation of a federal rule of civil procedure that is virtually identical to our own rule of civil procedure.